UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Norman Laurence JR, eTaL

n008-109 ML

V

ASHBELL T. WALL, eT aL

PLAINTIFFS OBJECTION TO MOTION TO DISMISS

Now comes plaintiff Norman Laurence and I Respectfully object To The Defendants Motion To Dismiss pursuant To rule 12(b)(6) and I aver I have stated a claim upon which relief can be granted. I do how ever concede That I dont have a scintilla of evidence against Mr patrick Lynch or Law To Support My complaint against him. I do Believe I have enough evidence and Law To state a claim For which relief can be granted against assistant Director Jake Gadsen warden James weeden Deputy Donna Collins. and Robert CatLow The chief investigator OF S.I.U and attorney Michael Grant and I submit The accompanying Memorandum OF Law and Exhibits in Support OF My Argument

# MEMORANDUM OF LAW

## INTRODUCTION

This Memorandum of Law supports that I state a claim for which relief can be granted, and the Enclosed Exhibits support my Allegations that Jake Gadsen, James weeden, Donna collins, Robert catlow and Michael Grant violated my constitutional Rights, its alleged that sometime in Febuary of 2001 a person or persons took video tapes that depicted me in cell 18 B module and Developed nude obscene photo Graphs from the contents of these tapes, and mailed them to Gretchen Joan nelson my sons mom. also known as Gretchen Silva, and its alleged that my son and his step father seen these photos, Ms nelson Silva then obtained counsel and received a quiet settlement, and all most at the same time within several weeks a court ordered psychiatric report was Released and made its way in to the prison. Mr Gadsden was the Assistant director. James weeden was the Deputy, Michael Grant was the chief legal counsel and I Believe Robert catlow was the chief Investigator or at least since 05. Donna collins was appointed Deputy the Fall winter of 04 and in charge of High security center

a Tiny Building her office is right near The Main control center which is where IM waT ched From with The Use of ELECTronic Survei LLance 24 Hrs A day. I have no work product privilege and IM Forced To MasTurbate and deFi cate Knowing IM being waTched and Laughed at. Ive been Sexually and psychologically hara ssed and abused For years and They Tell The nurses, counselors what They claim To see Me write and do in My cell ITS common KnowLedge That IM waTched

IF your Honor will please view The EncloS ed Exhibits you will see That DefendanT ashbel T wall answered InTerrogatories on May 19, 04 and That Michael GranT on november 22, 2004 STated after a due diligent search DefendanT wall STates That such video Tapes and photo Graphs do noT exist nor are in The possession OF any administrator or employee employed by The DeparTmenT OF CorrecTions Exhibits 1, 2, and 3. on March 16 05 DefendanT Ashbell T wall answered another set of interrogatories Exhibit 4 Then on April 29Th 2005 Defen dant Ashbell T wall answered another set of interrogatories Exhibit 5 all sworn under oath. I aver its impossible For Mr GranT and The director Mr wall not To Know abouT Gretchen nelson silva Being SenT nude obscene

photos that depicted me naked doing obscene things to my body it was a breach of security and Gossip all over the complex discussed By Everyone since 2003 Known By superiors since the incident. On May 9, 2005 Robert CATLOW the chief investigator sent me Exhibit 6. If your Honor will please Look at Exhibits 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, you will see that Between May 20 2005 and June 29, 05 That attorney Michael Grant and several Defendants answered interrogatories pertaining to photographs, video tapes and a psychiatric report. On July 6 05 I received a memo From Ashbel T WAll acknowledging my complaints and it shows on the Bottom There was copys sent to Donna collins James weeden and Jake Gadsden on July 18, 06 and July 19, 06 I sent complaints to LT GALAGAN about the cameras in my cell. He responded on July 25 06 He denied the cameras and refered me to mental Health see Exhibits 20, 21. on or near August 31, 06 I wrote a very Long complaint to warden James weeden and on Sept 5, 06 c/o Smoot gave me a memo From warden weeden denying the electronic surveillance Exhibit 22 it shows he sent a copy to Deputy collins. On Jan 3, 07 Joseph A Dinitto sent a Letter to Jake Gadsden Exhibit 23 on Jan 27, 07 I sent another complaint to LT. william GALAGAN Exhibit

24 He denied the cameras and refered me to Mental Health. on or near Feb 28,07 Ashbel T wall sent me a letter stating that he sent a copy of my Feb 25,07 letter to Deputy Collins and Dr Friedman the clinical Director of Mental Health and warden James weeden Exhibit 25. on 4/16/07 or near I received a letter from the Director Ashbel T. wall stating he received several letters from me on or near 4/13/07 He sent copys to Deputy Collins Scott Tirocchi Warden weeden and Dr Friedman, the letters were addressed to the R.I. State police S.I.U took them, Exhibit 26 on 4/12/07 I was Booked for making a phone call when I did not make it. and Deputy collins helped cover it up Exhibits 27, 28, 29, 30, and see Deputys memo Exhibit 31 please see Two Request forms I sent her about service of process Exhibits 32, 33, and letter to Michael Grant Exhibit 34. on 7/4/07 I sent a request form to Deputy collins and to LT. Getter, Deputy Collins came by my cell asked me if I got her response and infered there was cameras in a round about way But I was not Being watched Exhibit 35 about two hrs later, I received LT Getters response. refering me to mental Health Exhibit 36 on 8/17/07 I sent another complaint Exhibit 37 and on 8/23/07 Exhibit 38 please see complaints on 10/12/07 Exhibits 39, 40, 41, 42, please see Two Grievance

Forms Dated 10\18\03 and please see Interrogatorries From chris Hebert Exhibit 43 44 45 your Honor with all due respect I Believe The Enclosed Exhibits numbered 1 Through 69 shows That Ive stated a claim For which relief can Be Granted I Aver Ive Been subjected to cruel and unusual Treatment For several years, and That Ive Been denied mental Health Treatment and That Ive Been denied my right To Access of courts, Ive Been Subjected To calculated harassment, sexual harassment, They have violated my Fourteenth amendment right To privacy and I Aver They have committed Fraud on my self and The court ect.

With all due respect your Honor I cite The Following Law in Support of my Argument Corrente v state of R.I. Dept of corrections cite as 759 F. Supp at paragraph 7, I Believe Ive shown That Jake Gadsden James weeden and Donna collins were well aware of my Abuse, Robert catlow and michael Grant. corrente at paragraph 9 states The First circuit has recognized That a supervisor may be Liable For deliberate indifference To constitutional violations inflicted on others by Those in his charge, A supervisor may be Found Liable only on The basis of his or her own Acts or omissions Gutierrez-Rodriquez v Cartagena 822 F2d 553, 562 (1st cir 1989 quoting

Figueroa v aponte-Rogue 864 F2d 947, 953 (1ST cir 1989 Second a Supervisors indifference MUST rise To The LeveL OF Being deLiberate, reckless or caLous, FinaLy There MUST be an affirmative Link between The street Level MisconducT and The action or inaction OF supervisory OFFicials paragraph 9 corrente Explains how The Director Knew OF The Harassment and Failed To correct it, I use This pertaining To Mr Gadsden Mr weeden MS collins and Mr CaTLow. corrente at paragraph 18 describes A 1985(2) and 1985(3) Claim Both require That The conspirator's actions be Motivated by an intent To deprive Their victims OF The equal protection OF The Law's 1985(2) prohibits conspiracies To inJure a person or his property on account OF TestiFying or attending a proceeding in The united STates courts, I Aver Michael Grants actions pertaining To defendants and interrogatories was a conspiracy interfering with JusTice and was an attempt To obstruct JusTice and it caused me pain and suffering. Jennings v Shuman 567 F2d 1213 3d cir paragraph 13 an abuse OF process is by definition a deniaL OF proceduraL due process paragraph 14 1985(3) provides a cause OF action only when The plaintiffs right To equaL protection, privileges or immunities is violated see comment, private

conspiracies To violate civil rights McLellan v Mississippi power Light co, 90 Harv.L.Rev 1721 (1977) note, The Scope OF Section 1985(3) Since Griffin v Breckenridge 45 Geo. wash.L. Rev. 239 (1977) See united States court of appeals clement chavez caballero v Gomez Department of corrections 298 F3d898 paragraph 15 To establish Liability of prison supervisory officials under The Eighth Amendment, based On Failure To Train To prevent harm To inmates inmates must show That, in Light of The duties assigned To specific officers or employees The need For more or different Training was obvious and The inadequacy was so Likely To result in violations of constitutional rights That The policy makers can reasonably be said To have been deliberately indifferent To The need and The policymakers and supervisors can be Found To have been on actual or constructive notice of The need To Train.

now To The heart of The matter your Honor united States v Torres cite as 751 F2d at 888 889 AT paragraphs 9-11 IF video surveillance is not authorized by STATUTE, Then The officers who engaged in iT May have committed a Federal crime Section 109 (a) of FISA 50 USC 1809 (a) provides in relevant part A person is guilty of an offense if he intentionally (1) engages in electronic surveillance

under color of Law except as authorized by statute, Federal, state and Local may not use highly intrusive forms of electronic surveillance unless it does so in accordance with either Title III or F.I.S.A Eg 18 U.S.C 2511(2) F codifying 201(b) of F.I.S.A 50 U.S.C 1809 (unless those statutes are complied with law enforcement officers who engage in these forms of surveillance may very well be committing a federal crime. also U.S. V Taketa cite as 923 F2d 665 9th cir 1991 at 675 paragraph 14 Title III 18 U.S.C. 2510-20 prohibits unauthorized aural interception of communications since the videotaping did not intercept the contents of any communications, it did not violate Title III. Three circuits while recognizing that videotaping does not fall within the letter of Title III have required that applicants for warrants to videotape suspected criminal activities meet the higher constitutional standards required under Title III. Your Honor A prisoner has no protection or right not to be audio taped while in prison. But he does have certain rights and fundamental rights I ask you to look at Exhibit 46 The Rhode Island Department of corrections Telephone system policy 24.02-2 Doc. it states All inmates telephone conversations except those between inmates and

attorneys, inmates and RIDOC SIU staff inmates and RIDOC office of inspection, inmates and Rhode Island State police are subject to monitoring and or recording. your Honor I aver The main control center watching me write state police, courts, attorneys, S.I.U with Electronic Surveillance is a violation of my constitutional rights, and they videotape me which violates my Fourteenth amendment. Wolf V McDonnell cite as 94 S.CT 1974 paragraph 5 prisoners are protected under the equal protection clause of The Fourteenth amendment from invidious discrimination based on race or other cases say a class, prisoners may also claim The protections of The Due process clause They may not be deprived of Liberty or property with out due process of Law. as to The Sixth amendment its reach is only to protect The attorney client relationship from intrusion in The criminal setting. There conduct also infringes on my First amendment procunier V Martinez cite as 94 S.CT 1800. your Honor U.S. V Gerena cite as 667 F.Supp at 917 paragraph 2 The point illustrated by These examples is That a defendant, in challenging The Legality of any given electronic surveillance activity would generally expect To Look To The Laws of The Jurisdiction where The surveillance occurred To protect his or her privacy

rights, and in any event, any defendant can reasonably expect that the surveillance should be conducted in accordance with the Laws of the Jurisdiction of the supervising court. This court has the Jurisdiction to resolve this controversy and I ask you to please read Gerena in its entirety. it explains that Law enforcement officials conform their conduct to comply with the requirements established by the courts which exercise supervisory authority over there surveillance activities, the court is suppose to see that statutory guidelines are observed and that Fundamental rights are not disregarded.

Smith v Fairman cite as 98 F.R.D 445 (1982) at 450 paragraph 4 The supreme court concluded that the right of privacy was founded in the Fourteenth amendments concept of personal Liberty and restrictions upon state action. if a right of privacy arises from the concept of Liberty contained in the Fourteenth amendment, then it is necessary to decide whether the plaintiffs interest in not being filmed against his wishes was such a protected Liberty interest. The court stated the court must accept as true the plaintiffs contention that he was indeed filmed; the initial filming of the plaintiff would nonetheless constitute a violation of the plaintiffs legitimate expectation of

privacy. at paragraph 7,8. The court noted that plaintiffs due process claim is based on the defendants alleged violation. The same Liberty interest analysis discussed with regard to the privacy claim applies to the due process claim. under Shango v Jurich, Supra, A Roll ii c creates a Liberty interest sufficient to invoke the procedural safeguards of the Fourteenth amendment. In Best V District of Columbia cite as 743 F.Supp 44 (D.D.C 1990) at 45 paragraph 1 states Fed. R civ. P. 12(b)(6) permits dismissal of a claim only if, construing the allegations in the complaint in Favor of the plaintiff it is beyond doubt that plaintiff can prove no set of facts that would Justify relief. Conley V Gibson 355 U.S 41, 45 46, 78 S.Ct. 99 at paragraph 3 cites Bell v Wolfish 441 US 520 545, 46, and Wolf V McDonnell 418 U.S. 539, 555-56 inmates in Jails, prisons, or mental institutions retain certain Fundamental rights of privacy. They are not Like animals in a zoo to be filmed and photographed at will by the public or by media reporters, how ever educational the process may be for others Houchins v KQED, inc 438 U.S 1, 5 n 2 98 S.Ct 2588, 2592 The Tenth circuit has held that a prisoners privacy rights are violated when personal photographs were shown to members of the public by the police if the prisoner had a legitimate expectation of privacy in the pictures and that interest outweighed the public

need For Their disclosure. SlayTon v willingham, 726 F2d 631, 635 (10Th cir 1984) The central District of Illinois has Found That a prison official who allowed a news reporter To Film a prisoner in his cell against his will violated his constitutional rights because he had a legitimate and reasonable expectation of privacy Smith v Fairman, 98 F.R.D. 445. 450 (D Ill 1982) Furthermore, numerous courts have Found That prisoners do not surrender Their privacy rights while in prison For purposes of The Fourth Amendment absent some Justification by The institution, united States v Hinckley 525 F. Supp 1342, 1360 D.D.C 1981 Bonner v coughlin, 517 F2d 1311, 1316 (7Th cir 1975. united states v Savage 482 F2d 1371, 1372-73 (9Th cir. 1973,) I ASK your Honor To read Best v U.S. District court For The district of columbia 1991 U.S. Dist. LEXIS 5435 its about prisoners stating a cause of action For Being videoTaped, The prison did not have a policy of videoTaping prisoners in Transit between institutions. The video Taping was ordered By a Lieutenant. Defendants Motion To dismiss was denied. also your Honor york v Story ninth circuit 324 F.2d 450 1963 U.S. App. Lexis 3883 at paragraph 17 under The allegations of The amended complaint, appellant has laid a Foundation For proving, if she can, not only That appellees were acting under color of local authority at The Times in question but That such acts constituted

an arbitrary intrusion upon the security of her privacy, as guaranteed to her by the Due process Clause of the Fourteenth amendment. it was therefore error to dismiss the action on the Ground that the amended complaint did not state a claim upon which relief can be granted another case is Huskey v National Broadcasting co cite as 632 F.Supp 1282 (n.D Ill 1986) At paragraph 7 The court said film of Huskey with his tattoos) stripped to his gym shorts, in a cage like room, engaged in private activities is what is on the table at the pleading stage-that is enough to keep his tort claim alive. Doe By Doe v B.P.S. Guard services cite as 945 F2d 1422 (8th cir. 1991) Security guards employed by B.P.S used television surveillance cameras to watch and videotape the Models as they changed their clothes in a makeshift dressing area, the Models received 1000. each in actual damages and 35000 each in punitive damages it was later reduced. Slayton v willingham 726 F2d 631 1984 U.S. App LEXIS 26033 at Hn6 A defendants constitutional privacy right is not violated unless (a) he had a Legitimate expectation of privacy in the photos and (b) his privacy interest out weighed the public need for their disclosure Hn7 Although 42 USCS 1983 cannot be invoked by a state prisoner for a release from or

reduction of his confinement, it is an appropriate remedy for a claim for money damages for a violation of any constitutional right under color of state law. IM all most done your Honor. State v Casconi Or. App 1988 cite as 94 Or. App. 457, 766 P2d 397 at paragraph 2,3 The Final bastion of privacy is to be found in the area of human procreation and excretion and if a person is entitled to any shred of privacy then it is to privacy as to these matters. Sterling v Cupp, 44 Or. App 755, 761, 607 P2d 206 (1980) affd as modified, 290 Or. 611, 624, 625 P2d 123 (1981) allowing police to conduct hidden surveillance of a doorless toilet stall significantly impairs Freedom from scrutiny. People v Winograd N.Y. Sup 1984 125 Misc. 2d 754, 480 N.Y.S 2d 419 paragraph 1 in People v Teicher, 52 n.y. 2d 638, 439 N.Y.S. 2d 846, 422 N.E. 2d 506, the court of appeals held that the standards announced in Berger v new york, 388 U.S, 41, 87 S.CT 1873, 18 L.Ed. 2d 1040 and Katz v United States 389 U.S. 347, 88 S.CT 507, 19 L.Ed 2d 576 are applicable with equal force to unconsented video electronic surveillance 52 n.y. 2d at 654-655, 439 N.Y.S. 2d 846, 422 N.E 2d 506) The court left open the question whether, under appropriate circumstances video surveillance may be conducted without a warrant consistently with Fourth amendment principles 52 N.Y 2d at p. 650, n1 439 N.Y.S. 2d 846, 422 N.E 2d 506 IM not Gonna press the Fourth

amendment, I end with clark v Taylor 710 F2d 4 36 Fed R serv 2d 1202 warden Mullen was found Liable for denying plaintiffs constitutional rights of privacy, due process and freedom from unreasonable searches, The essence of plaintiffs constitutional claim is that he was denied his right not to have unwanted and dangerous things done to his body. we are satisfied that compensation is available under section 1983 for such a claim see ingraham v wright, 430 U.S 651, 679 n 47, 97 S.cT 1401, 1416 n 47, 51 LEd. 2d 711 (1977) recognizing a Liberty interest in freedom from bodily restraint and punishment and Leaving open a determination of the circumstances under which corporal punishment of a public school child may implicate substantive rights under the due process clause, it talks about the penumbral right to privacy, bodily integrity, and cites James v United States 358 F. Supp 1381, 1386 (DRI 1973( recognizing bases in the Fourth, Eighth and Fifth amendments for recovery for the application by an untrained police officer of unreasonable force against one in custody. Ive been Abused and harassed and tormented and watched 24 Hrs A day Im watched urinate deficate masturbate and harassed about it and Accused of masturbating when I dont. and Ive been threatend, Extorted and Black mailed and Ive been complaining to everyone

Since July 2003. paragraph 1 your Honor Ex plains That-deputy could be Liable For Failing To intervene To prevent Sheriff From unlawfully punishing a prisoner, even absent supervisory authority however, a partys position of responsibility May impose on him a duty To intervene To prevent a constitutional violation. at paragraph 2 The court said a warden can however, be Liable For a Failure To act That reflects a reckless or callous indifference To The rights and safety of The prisoners in his charge-and R.I. Gen Laws 13-2-21 Explains That The warden is responsible For a prisoner in his custody, and paragraph 3 The court noted That warden Mullins STATUTORY duty To plaintiff continued as Long as plaintiff was in his custody. despite The Fact That he may have had no control over The activities of The state police. Estelle v Gamble, 429 U.S. 97, 97 S.CT 285, 50 L Ed 2d 251 (1976) 1983 Liability For an Eighth amendment claim of indifference To medical needs requires deliberate indifference To serious medical needs. Mental Health is a serious medical need. with all due respect your Exhibit 6 Robert CatLow The chief investigator shows he sent a copy To warden weeden and Deputy collins Hes The Boss of The special investigation unit who has video Tapes audio Tapes of me and who

has been investigatigating For several years how nude obscene photos of me were mailed To Gret chen nelson Silva, its alleGed That photos of me deficating were put on The internet as well as a court ordered psychiatric report. All party's Knew of The Electronic Surveillance and my abuse and were deliberately indifferent by not stopping it. Many were Malicious and Lau ghed in my Face and Teased me and This is a understatement. They spy on me with Elec Tronic Surveillance and Get Mad at me For what They see me write. They shared what They seen me write with The prison popula-Tion and Society, Staff, ect. Ive been used For Entertainment, a Soap opera. please see exhi bits 47-62 They Show how Long Ive been abused and are Testament That all partys con spired To conceal my Abuse For year's while Laughing in my Face and having psychiatrist Tell me I was delusional, I dont Think cris hebert Knew But Then again how could he not. Michael Grant Laughed in my Face Twice, a Mr Brouillette who abused me Brought me The Interrogatories and said These are From Mr Grant. He and others Said if I dont Be careful Mr Grant will Laugh at me again and I was gonna get The same Thing next Time refering To The Interro

gatories. on This 23rd day OF June 08 I received a Motion To dismiss From Dr Barry Walls Lawyer. your Honor The Evaluation Tapes will show That Dr Wall Knew I was Abused in 1996 and That I was committed To Buttler hospital and That I was diagnosed delusional For Accusing my sons Mom of Being A prostitute. Ive been Abused For several years with The contents of These Tapes and Ive been accused of Mole sting my son because of This psychiatric Report That Ive never seen. please see DR Walls Exhibit 55 A Letter From DR Wall. your Honor Borucki V Ryan cite as 827 F2d at 842-43 paragraph 3 even with all attendant emotional anguish and social stigma does not in itself state a cause of action For vio lation of a constitutional right infringement of more Tangible interests paul supra, 424 U.S at 701, 96 S.Ct at 1161 must be alleged as well. Jones V palmer Media, Inc, 478 F.Supp 1124, 1129 E.D Tex 1979 defamation can give rise to cause of action under constitutional Grounds when in addition To reputational damage There is a violation of Fundamental personal privacy right. Smith constitutional privacy in psychotherapy 49 Geo wash L Rev. 1, 22 (1980) mental and emotional health are as basic and fundamental To ordered Liberty as rights related To Family Life and child

bearing. Borucki V Ryan at paragraph 4 disclosure would constitute an unwarranted invasion of personal privacy Found Applicable Solely on Ground That illegal manner in wich information was obtained Forbade release cert denied 444 U.S 1071 100 S.CT 1015 62 L Ed 752 (1980) IF I M correct your Honor That Dr WAll Audio Taped me without my Knowledge which I Believe he did Then Borucki V Ryan is on point. I may be slander proof in prison But what About Society. in any event his Actions could Be seen AS A conspirator To conceal causes of actions in violation of my procedural due process, due process and Liberty, Fraud. privacy. He conspired To obstruct Justice. your Honor when a person enters a conspiracy hes responsible For any unFortunate acts. He denied he gave out the Tapes in his 6/29/04 letter To me. its clear his actions contributed To The secrecy, Judge, and secretly audio Taping me TAlk about my childhood AFTer I unplugged The Tape recorder, Ive been Abused Since July 2001 as an adult, as A result of half Truths and Fabrications, A result of this court ordered psychiatric evaluation That was ordered sealed when I did not Go Forward with my insanity defense. His Actions contributed To my years of cruel and unusual punishment

and Exhibit 55 shows That he continued To conceal it in February in his Letter. he sent a copy To cindy Soccio and Frederic Friedman who are defendants in This civil suit. your Honor I aver The Legal argument on page 5, 6, and 7 also pertains To Dr Wall, 1985(2) and 1985(3) His Letter is Evidence of an act To conceal That he secretly Tape recorded me and Then released The Audio Tapes of My 4 Hr psychiatric EVALUATION as well as The secret Tape That were used To abuse me For years. He corroborated cindy soccios assertion That The Tapes were never released Exhibit 63. He conspired To obstruct Justice and my Access To courts. I Told him I was Being abused in Letters I wrote him. S.I.U and Guards used The contents of The Tapes To Force me To defend my self, To police, courts, in writing Letters while being watched with Electronic surveillance, and videotaped, The contents of The Tapes, psychiatric report, and The Electronic surveillance was used To scrutinize me For Guilt while Being confronted with There conversations and while writing Letters, with my Knowledge since July 2003, Wojcik Town of north Smithfield cite as 874 F. Supp 517 paragraph 3-5 private persons Jointly engaged with STATE officials in The prohibited action are acting under color of Law For purposes of 1983 it is enough That The defendant is A willful participant in Joint

activity with The state or its agents U.S V price 383 U.S 787, 794, 86 S. CT 1152, 1157 werle 755 F2d at 198 517 paragraph 2 plaintiff must assert Two essential elements in order To sustain a cause of action under 42 U.S.C 1983 First plaintiff must assert That The conduct complaind of was committed by a person acting under color of Law second plaintiff must assert That The conduct deprived them of rights, privileges, or immunities secured by The Constitution or Laws of The united States Gutierrez-Rodriquez V Cartagena 882 F2d 553-559 1ST cir 1989 werle v Rhode Island Bar Assn 755 F2d 195, 197 1ST cir 1985 Jones v Rhode Island 724 F. Supp 25, 30 (D.R.I. 1989) Dr. Barry wall was hired By The attorney General office Cindy Soccio To Evaluate me and over a course of several years I Allege he conspired To conceal That he released The Evaluation Tapes.

Wherefore I pray For Judgement in my Favor

Respectfully
Submitted
Norman Lawrence Jr
6/26/08

Respectfully
Submitted
Norman Lavance

c/o sousA
refused
TO
copy
82 Exhibits
6/26/08

only
Allowed
TO
copy
5 Exhibits

Certification

I The under signed hereby certify That a copy of This Motion was Mailed To Mr Thomas palombo, 150 South Main ST prov RI and To Mr Dennis E Carly at Ten weybosset street 8Th Floor providence, RI on This 26 Day of June 2008 and Exhibits

With All due Respect

R.I. Dept. Of Corrections

**REQUEST FORM**

TO: Honorable Judge HAGopian DATE: 6/26/08

I RESPECTFULLY REQUEST: (STATE PROBLEM - BE SPECIFIC) I have 82 EXhibits some under oath I was not Allowed To copy Them Today. The defendants are Trying To Stop me From proving my case. And They keep BLACK Mailing Me About my JOB And They keep Threatening Me over The Legal work I do in my cell AT My desk c/o CLAUSE c/o Belisle c/o renshaw c/o rodriguez

INMATE NAME ______ I.D.# ______

WORK ASSIGNMENT: ______ CELL NUMBER: ______

H.S.C. ______ MAXIMUM ______ MEDIUM ______ MINIMUM ______

WOMENS ______ I.S.C. ______ WORK RELEASE ______

Made Threatening remark) That I Better rip up That AFFidAVIT or That paper, That's never getting out of The Building They keep Talking About my legal work so inmates can hear Them. On 6/16/08 I mAiled 2 Envelopes To Doug

WING OR DETAIL OFFICER'S COMMENTS: ______

newbery That Morning The contents was All

OFFICER'S SIGNATURE ______

over The Building And Through out The day

**Disposition of Case**

They Told me To get A Bad Memory I have

RESPONSE: ______

nothing They WANT. So I did, Today And LAST night There MAD That I have not Told Them what I Know And There MAd About my Interrogatories I'm doing! cause of Electronic survellance Belise And CLAUSE keep

SIGNATURE ______ TITLE ______ DATE ______

MAKING petiFile inferences And remArks As well

NOTE: YOU WILL NOT BE CALLED IF IT IS POSSIBLE TO DISPOSE OF YOUR REQUEST PROPERLY WITHOUT AN INTERVIEW.

As Renshaw

cc/ Mr Thomas palombo

DISTRIBUTION:

I want Them in court.

They SAY Good Pile Then Be mean And SAY BAd pile

| REQUEST | RESPONSE |
|---|---|
| WHITE - DESIGNEE | WHITE - INMATE |
| YELLOW - " | YELLOW - ASSOCIATE DIRECTOR |
| PINK - " | PINK - DESIGNEE |
| SALMON - INMATE | |

S-10

They subject me To mind GAMES

psychological I'm not scared of There BAd pile I want Them in court

I have 82 Exhibits originals +73

R.I. Dept. Of Corrections

REQUEST FORM

TO: Honorable Judge Hagopian DATE: 6/26/08

I RESPECTFULLY REQUEST: (STATE PROBLEM - BE SPECIFIC) Can you please order The Defendants to refrain with there Harassment, let me do my legal work let me do my Job and Act in a civil manner and stop watching me.
Belise has said twice I'll never see my son again if I go against

INMATE NAME ______ I.D.# ______

WORK ASSIGNMENT: ______ CELL NUMBER: ______

H.S.C. ______ MAXIMUM ______ MEDIUM ______ MINIMUM ______

WOMENS ______ I.S.C. ______ WORK RELEASE ______

him and his partner And if I make them open it up. I want there Bad pile in court, its a pyramid of lies and every day one of them threatens to fire me.

WING OR DETAIL OFFICER'S COMMENTS: ______

OFFICER'S SIGNATURE ______

**Disposition of Case**

RESPONSE: ______

SIGNATURE ______ TITLE ______ DATE ______

NOTE: YOU WILL NOT BE CALLED IF IT IS POSSIBLE TO DISPOSE OF YOUR REQUEST PROPERLY WITHOUT AN INTERVIEW.

DISTRIBUTION: c/ Mr Palombo

| REQUEST | | RESPONSE | |
|---|---|---|---|
| WHITE | DESIGNEE | WHITE | INMATE |
| YELLOW | " | YELLOW | ASSOCIATE DIRECTOR |
| PINK | " | PINK | DESIGNEE |
| SALMON | INMATE | | |

S - 10