## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**NORMAN LAURENCE, JR.**

v.                                                        **C.A. NO. 08-109  ML**

**A.T. WALL, ET AL.**

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr., *pro se*, an inmate at the Adult Correctional Institutions
(the "ACI") in Cranston, Rhode Island filed a complaint (the "Complaint") in the instant action
under 42 U.S.C. §§ 1983 & 1985 ("§1983" & "§1985", respectively), alleging that defendants
violated his civil rights (Docket # 1). Presently before the Court is a Motion to Dismiss for
failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure (the "Federal Rules") filed by six of the 64 defendants named in the
complaint: Jake Gadsen, Jamese Weeden, Donna Collins, Robert Catlow, Patrck Lynch and
Michael Grant (Docekt # 14). Plaintiff has objected to this motion with respect to all of these
defendants except for Patrick Lynch (Dockets # 22). This matter has been referred to me
pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth
below, I recommend that defendants' motion be GRANTED.

### I.     Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules ("Rule 12(b)(6)") provides for the dismissal of an
action that fails to state a claim upon which relief can be granted. In ruling on a motion filed
under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true,
and construe these facts in the light most favorable to the pleader. *Chongris v. Board of Appeals*,
811 F.2d 36, 37 (1st Cir. 1987). However, the court need not credit "bald assertions,

1

unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Further, a *pro se* complaint is held to a less stringent standard than formal pleadings drafted by counsel. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, the factual allegations fail to raise plaintiff's right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

## II.    No Allegations Against Five Defendants

Here, the Complaint includes no allegations against defendants Jake Gadsen, James Weeden, Donna Collins, Robert Catlow or Patrick Lynch.[1] The Complaint, therefore, even viewed in the light most favorable to plaintiff, fails to state a claim for which relief can be granted against such defendants under either § 1983 or § 1985. *See Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."); *Bartolomeo v. Liburdi*, No. 97-0624, 1999 WL 143097 at *3 (D.R.I. Feb. 4, 1999) (action dismissed as to defendants against whom no factual allegations directed).

In his objection to defendants' motion to dismiss, although plaintiff concedes that he does not have a scintilla of evidence against Patrick Lynch, he sets forth various allegations and provides numerous exhibits in an attempt to show that he stated claims against the other defendants. In ruling on a motion to dismiss, however, the court considers only the complaint, documents either annexed to it or fairly incorporated into it, and any relevant matters that are

---

[1]The complaint contains five factual allegations against "defendants", which could be interpreted as allegations against these five defendants. Complaint, ¶¶ 70 - 71, 82 & 93. However, especially given that plaintiff has named 64 defendants, ranging from ACI supervisors, staff, doctors and correctional officers to state police officers to attorneys from the Rhode Island Attorney General's Office and the Rhode Island Department of Corrections, the allegations against all defendants are too vague and general to meet the notice pleading standard of Federal Rule 8(a). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)(statement of claim must provide fair notice that enables adverse party to answer claim and prepare for trial).

susceptible to judicial notice to determine whether a claim is stated. *See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 4 (1st Cir. 2005).

Accordingly, as the Complaint fails to state a claim upon which relief can be granted against Jake Gadsen, James Weeden, Donna Collins, Robert Catlow or Patrick Lynch, I recommend their motion to dismiss be GRANTED.

**III.    Failure to State a Claim Against Michael Grant**

With respect to Michael Grant, Deputy Chief Legal Counsel for the Rhode Island Department of Corrections, the Complaint contains limited allegations.  Specifically, the Complaint alleges that defendants "conspired with" Grant to conceal that defendants have been abusing plaintiff. Complaint, p. 2.  It also states that, during a time frame left blank, defendants denied plaintiff's "access to courts by useing [sic] fabricated reports, affidavits, incidents and interrogatories to commit fraud on the courts and myself and perjury, with the assistance of Michael Grant to conceal videotapes and photographs while attempting to blackmail and extort me ... ." Complaint, ¶ 73.  However, even assuming the allegations are true, they fail to state a claim upon which relief can be granted against Michael Grant.

**A. Failure to State a Claim Under § 1983**

Plaintiff asserts his claims under § 1983 and § 1985(2) & (3).  To state a claim under § 1983, the complaint must set forth allegations indicating that the conduct complained of (i) was committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980).  Here, the issue is whether plaintiff has set forth allegations that Michael Grant deprived him of a constitutional or federal statutory right.

While the Complaint is unclear, it appears that plaintiff is alleging that Grant denied his First and/or Fourteenth Amendment right of access to courts by conspiring with other defendants

to (i) fabricate interrogatories and other court documents and (ii) conceal videotape and photographic evidence relating to plaintiff. Although prisoners have a constitutional right to meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491 (1977), to establish an access to courts claim, an inmate must show that he has suffered actual injury as a result of the challenged conduct of the prison official - that is, that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of the prison official, *Lewis v. Casey*, 518 U.S. 343, 352, 116 S.Ct. 2174 (1996). Here, plaintiff fails to state the injury he suffered as a result of Grant's alleged conduct. Although plaintiff complains about interrogatories and other documents being fabricated and evidence being concealed, he does not identify what court case or legal claim was harmed by such action.[2]

### B. Failure to State A Claim Under § 1985

Plaintiff also asserts jurisdiction in this case under §§ 1985(2) and (3), regarding conspiracies to interfere with civil rights. Although, as discussed above, a liberal reading of the Complaint suggests a conspiracy claim for denial of access to courts against Michael Grant, plaintiff's attempt to invoke § 1985 is misguided.

First, the Complaint fails to meet the requirements for pleading a conspiracy under § 1985. To state a claim under § 1985, the Complaint must "1) expressly claim that an agreement was formed between conspirators, or 2) make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Rossi-Cortes v.*

---

[2]Further, although not identified in the Complaint, the Court takes judicial notice that plaintiff has (i) an action pending in the Rhode Island Superior Court against some of the defendants named in this case (C.A. No. 03-6046) and (ii) filed three cases, prior to the instant action, in this Court against some of the defendants named in this case, one of which is pending (C.A. No. 07-81 ML), and two of which have been dismissed (C.A. No. 06-455 T; C.A. No. 07-66 ML). With respect to the two dismissed cases, the Court records indicate that one was voluntarily dismissed without prejudice by plaintiff prior to paying a filing fee for the action (C.A. No. 06-455 T) while the other was dismissed without prejudice for failure to meet Federal Rule 8(a) pleading requirements prior to any defendants being served in the case (C.A. No. 07-66 ML). Accordingly, neither case was dismissed for reasons related to the underlying evidence in the action and, thus, neither was impaired by alleged fabrication of court documents or concealment of evidence.

*Toledo-Rivera*, 540 F.Supp.2d 318, 328 (D.P.R. 2008)(citing *Rolón v. Rafael Rosario & Assocs.*, 450 F.Supp.2d 153, 159-160 (D.P.R. 2006)). "[A] plaintiff's complaint containing 'vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy,' fails to state a claim under Section 1985." *Id.*

Here, plaintiffs alleges that defendants "conspired with Grant" and denied plaintiff's access to courts by using fabricated reports, affidavits and interrogatories and concealing videotapes and photographs "with the assistance of Michael Grant." Complaint, p. 2 & ¶ 73. Presumably plaintiff is contending that Grant's assistance to his clients (the ACI defendants) in preparing their affidavits and answers to interrogatories, which allegedly contain lies, was tantamount to a conspiracy to hinder plaintiff's access to courts. However, plaintiff provides no statement of or details regarding an agreement between Grant and the defendants; no specific allegation that Grant engaged in any wrongful activity, such as suggesting the defendants lie or signing off on the legal documents despite knowing they contained lies; and no time frame or indication of which documents related to which case were involved in the conspiracy. These vague and conclusory allegations of conspiracy fail to state a claim under § 1985.

Furthermore, even if the Complaint adequately alleges a conspiracy, the circumstances do not state a claim under §§ 1985(2) or (3). Section 1985(2) creates a private right of action for damages based on conspiracies to interfere with judicial proceedings. 42 U.S.C. § 1985(2). The first clause of § 1985(2) relates to proceedings in federal court while the second clause relates to proceedings in state court. *Id.* Here, plaintiff does not identify in which court proceeding Grant allegedly conspired to interfere, and, thus, it is not clear which clause plaintiff intends to invoke.[3] However, plaintiff fails to state a claim upon which relief can be granted under either clause.

---

[3] See footnote 2 above noting previous cases plaintiff has filed in the Rhode Island Superior Court and this Court.

A conspiracy to interfere in federal judicial proceedings must contain allegations that the defendant conspired to: (i) deter a party or witness from attending or testifying in federal court; (ii) injure the person or property of a party or witness attending or testifying at a federal judicial proceeding; (iii) influence a verdict of a juror in a federal proceeding; or (iv) injure the person or property of a juror as a result of the verdict in the federal proceeding. 42 U.S.C. § 1985(2). Here, assuming that plaintiff is complaining of interference in one of the actions he filed in federal court, plaintiff's allegations that Grant conspired to fabricate interrogatories and other court documents and/or to conceal evidence do not fall within the actions prohibited by the first clause of § 1985(2).

The second clause of § 1985(2), relating to state proceedings, more broadly prohibits conspiracies to impede, hinder, obstruct or defeat the due course of justice in any State or Territory. *Id.* However, to fall within the statute, such action must be motivated by the intent to deny a citizen the equal protection of the laws. *Id.* Therefore, to state a claim for which relief can be granted under the second clause requires allegations that (i) the defendants conspired against plaintiff because of his membership in a class and (ii) the criteria defining the class were invidious. *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975). Here, plaintiff fails to indicate that the alleged conduct was in any way related to his membership in any class, and certainly does not indicate that it resulted from his membership in a class defined by invidious criteria.

Plaintiff similarly fails to allege facts stating a claim under § 1985(3). Section 1985(3) confers a private cause of action for injuries occasioned by conspiracies to deprive any person or class of persons of the equal protection of the laws. 42 U.S.C. § 1985(3). As with the second clause of § 1985(2), to state a claim under § 1985(3), a plaintiff must allege facts indicating that the conspiratorial conduct complained of resulted from "some racial, or perhaps otherwise class-

6

based, invidiously discriminatory animus". *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971). As noted above, plaintiff makes no such allegations here.

Accordingly, as the Complaint fails to state a claim upon which relief can be granted against him, I recommend that Michael Grant's motion to dismiss be GRANTED, and that he be dismissed from this action with prejudice.

## IV.   CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 2, 2009