UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.

v.  C.A. NO. 08-109 ML

A.T. WALL, ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr., *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island filed a complaint (the "Complaint") in the instant action, alleging that defendants violated his civil rights (Docket # 1). Presently before the Court is plaintiff's Motion to Waive Filing Fees, which shall be construed as a Motion for Leave to Appeal *In Forma Pauperis* (Docket # 67). Defendants have objected to plaintiff's motion (Dockets ## 72 & 76). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that the Court certify that plaintiff's appeal is not taken in good faith and that plaintiff's Motion for Leave to Appeal In *Forma Pauperis* be DENIED.

BACKGROUND

Plaintiff filed the Complaint on March 24, 2008, along with a motion to proceed *in forma pauperis* (Docket # 3). The Court granted plaintiff's motion to proceed *in forma pauperis* on April 1, 2008. On June 16, 2008, six of the 64 named defendants filed a motion to dismiss (the "Six Defendants' Motion to Dismiss") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") for failure to state a claim for which relief could be granted (Docket # 14). On June 19, 2008, defendant Dr. Barry Wall filed a separate motion to dismiss ("Dr. Wall's Motion to Dismiss"), also pursuant to Federal Rule 12(b)(6) (Docket # 19).

Plaintiff objected to the Six Defendants' Motion to Dismiss on July 2, 2008 (Docket # 22), but failed to file a separate objection to Dr. Wall's Motion to Dismiss. On March 2, 2009, Chief Judge Lisi issued a text order granting Dr. Wall's Motion to Dismiss by rule of court, no objection having been filed. On March 9, 2009, Dr. Wall filed a corrected motion for entry of final judgment of plaintiff's claims against him pursuant to Federal Rule 54(b) ("Dr Wall's Motion for Final Judgment") (Docket # 61), to which plaintiff objected on March 10, 2009 (Docket # 62). Neither Dr Wall's Motion for Final Judgment nor the Six Defendants' Motion to Dismiss have been ruled on yet by the Court.[1]

Plaintiff filed a Notice of Appeal (Docket # 69), along with the instant Motion for Leave to Appeal *In Forma Pauperis*, on March 10, 2009. In his Notice of Appeal, plaintiff states that he received notice that the Court granted a motion to dismiss, which he "assume[s]" was the Six Defendants' Motion to Dismiss, and he seeks to appeal the dismissal. In his Motion for leave to Appeal *In Forma Pauperis*, plaintiff requests a waiver of filing fees, presumably in connection with his appeal, because he is incarcerated, unemployed and owns no property.

## DISCUSSION

Under Federal Rule of Appellate Procedure 24(a)(3),

> "A party who was permitted to proceed in forma pauperis in the district-court action ... may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court ... certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding ... ."

Fed.R.App.P. 24(a)(3). Similarly, 28 U.S.C. § 1915 provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

---

[1] Simultaneously herewith I have recommended that the Six Defendants' Motion to Dismiss be granted; however, the motion has not been ruled on by Chief Judge Lisi.

The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). An appeal is deemed frivolous when it is based on an "indisputably meritless legal theory or factual allegations that are clearly baseless." *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991). "The 'good faith' requirement is designed 'to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact.'" *Lyons v. Wall*, C.A. No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (quoting *In re Heghmann*, 324 B.R. 415 (1st Cir. BAP 2005)).

Here, plaintiff's appeal is not taken in good faith. In his Notice of Appeal, plaintiff states that he is appealing the Court order granting a motion to dismiss, which he assumes was the Six Defendants' Motion to Dismiss. However, as the Six Defendants' Motion to Dismiss is still pending, plaintiff's appeal is of a non-existent order and, thus, clearly frivolous.

Further, even if plaintiff's appeal could be construed to be an appeal of the March 2, 2009 Court Order granting Dr. Wall's Motion to Dismiss (the "March 2nd Order"), the appeal is still frivolous. A court of appeals may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221 (1949).[2] The question here is whether the March 2nd Order is a final order. A district court's decision dismissing fewer than all of the defendants in a case where the plaintiff has sued multiple parties is ordinarily not a final, appealable judgment unless the district court expressly certifies judgment against the dismissed defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 54(b); *Barrett ex*

---

[2]Appealable interlocutory orders are certain orders relating to injunctions, receivers and admiralty, 28 U.S.C. § 1292, while appealable collateral orders are orders that: (i) conclusively determine the disputed question; (ii) resolve an important issue completely separate from the merits of the action; and (iii) be effectively unreviewable on appeal from a final judgment, *Johnson v. Jones*, 515 U.S. 304, 310, 115 S.Ct. 2151 (1995). The March 2nd Order granting Dr. Wall's Motion to Dismiss clearly does not fall within either of these categories.

*rel. Estate of Barrett v. U.S.*, 462 F.3d 28, 32 (1st Cir. 2006). Here, although Dr. Barry Wall filed a motion requesting the Court enter final judgment with respect to his dismissal pursuant to Federal Rule 54(b) (Docket # 61), plaintiff objected to Wall's motion (Docket # 62), and such motion is still pending. As the Court has not directed the entry of final judgment with respect to the claims against Dr. Wall, the March 2nd Order dismissing Dr. Wall is not an appealable final order. Therefore, plaintiff's attempt to appeal the March 2nd Order is frivolous. *See Hedgespeth v. Watters*, No. 08-cv-410, 2008 WL 3926371, at *2 (W.D.Wis. Aug. 21, 2008)(court found appeal not taken in good faith and denied leave to appeal *in forma pauperis* where plaintiff sought to appeal an order that was not a final, appealable order); *Pennington v. Correctional Medical Services*, No. 5:06CV00144, 2007 WL 2904005, at *2 (E.D. Ark. Oct. 3, 2007)(same).

Accordingly, for the reasons stated above, I recommend that plaintiff's appeal be certified as not taken in good faith and his Motion for Leave to Appeal *In Forma Pauperis* be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
April 2, 2009