UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**NORMAN LAURENCE, JR.**

v.                                                                                   **C.A. NO. 08-109 ML**

**A.T. WALL, ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr. ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island filed a complaint (the "Complaint") in the instant action under 42 U.S.C. §§ 1983 & 1985 (Docket # 1). Plaintiff alleges that 65 defendants (ACI wardens, supervisors, correctional officers, and legal and medical personnel as well as state police officers and prosecutors) violated his civil rights. Presently before the Court are two Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), one filed by 23 defendants (the "23 Defendants")[1] (Docket # 175) and the other filed by defendant Audrey Elman (together with the 23 Defendants, the "Moving Defendants") (Docket # 176). Plaintiff objected to these motions (Docket # 177). These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that the Moving Defendants' Motions to Dismiss be GRANTED.

## GENERAL BACKGROUND

In the Complaint, Plaintiff alleges that various defendants have subjected him to electronic surveillance via cameras and thermal sensors concealed in the light fixtures in his cells. Plaintiff claims that such defendants use the surveillance devices to watch him perform bodily functions and work on his legal matters, and then taunt and harass him with the information they obtain. Plaintiff further alleges that various defendants have (i) impeded

---

[1] The 23 Defendants that have filed this Motion to Dismiss are: (i) C.O. Allard; (ii) Tony Amaral; (iii) James Bailey; (iv) C.O. Belisle; (v) C.O. Michael Daniels; (vi) C.O. Steve Fehnel; (vii) Joseph Forgue; (viii) William Gilbault; (ix) Donna Gracie; (x) C.O. James Habershaw; (xi) John Lopez; (xii) Kimberly Mallett; (xiii) C.O. McNulty; (xiv) Charles North; (xv) C.O. Pasela; (xvi) John Perrotta; (xvii) Miss Petty; (xviii) Louis Ricci; (xix) C.O. Spadoni; (xx) C.O. Michael; (xxi) Tierney; (xxii) Daniel Ventura; and (xxiii) Miss Leisa Amy Wood.

1

Plaintiff's access to the courts by denying him legal materials and copies, spying on his legal work, and interfering with his legal mail; (ii) passed around a psychological evaluation of Plaintiff and harassed Plaintiff with the contents thereof; and (iii) prevented Plaintiff from receiving adequate mental health care.

## DISCUSSION

### I.     Motion to Dismiss

Rule 12(b)(6) of the Federal Rules ("Rule 12(b)(6)") provides for the dismissal of an action that fails to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, and construe these facts in the light most favorable to the pleader. *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987). However, the court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Further, a *pro se* complaint is held to a less stringent standard than formal pleadings drafted by counsel. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level", *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), or do not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949-50 (2009) (inside quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining if the pleadings state a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

### II.    Failure to Assert Allegations Against the Moving Defendants

Here, the Moving Defendants urge that the Complaint contains no factual allegations against them, and, thus, fails to state a claim against them on which relief may be granted. I agree.

First, with the exception described in Footnote 2, other than naming the Moving Defendants as parties, the Complaint contains no references to, or assertions against, any of the

Moving Defendants by name.[2] Second, although the Complaint includes allegations against "defendants" as a group,[3] these sweeping allegations fail to provide adequate specificity to be deemed sufficient allegations against the Moving Defendants. The inadequacy of the allegations is especially apparent considering they apply to over 60 defendants including administrators, correctional and police officers, medical and legal staff, and prosecutors. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957)(pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988)(pleading must allege facts sufficient to allow defendants to prepare a defense against such claims); *see also* Fed.R.Civ.P. 8(a) (requiring complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief.").

In his objection to the Moving Defendants' Motions to Dismiss, Plaintiff urges that various documents he filed in this action, such as his own affidavits (at Dockets ## 91 – 93 & 169) and answers to interrogatories by various defendants (at Dockets # 23-25), include specific claims against the Moving Defendants. However, in ruling on a motion to dismiss, the court considers only the complaint, documents either annexed to it or fairly incorporated into it, and

---

[2] Paragraph 93 of the Complaint alleges that defendant C/O Wood (also known as Moving Defendant Miss Leisa Amy Wood) laughed at Plaintiff after unnamed persons mixed-up a thousand pages of the legal papers Plaintiff had in his cell. However, as laughing at the Plaintiff does not amount to cruel and unusual punishment in violation of Plaintiff's constitutional rights, *see, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004), this reference to defendant Wood does not state a claim on which relief may be granted.

[3] Specifically, the Complaint alleges: (1) Plaintiff is suing "defendants" for using "a policy that violates his constitutional rights by subjecting him to electronic surveillance ... concealed within the light fixtures in the cells," Cmpt., Introduction, p. 1; (2) "the defendants released and passed around and used a court ordered psychiatric evaluation to investigate me harass torment and to blackmail and extort me into silence," *id.* at ¶ 70; (3) "the defendants have denied theres [sic] cameras, surveillance, video tapes audio tapes photographs and a psychiatric report and tapes in writing, grievances, request forms and... have lied under oath attempting to conceal all this from me and the court," *id.* at ¶ 71; (4) "all named defendants have used the electronic surveillance and informants to deny me access to courts by useing [sic] fabricated reports affidavits, incidents and interrogatories to commit fraud on the courts and myself and perjury," *id.* at ¶ 73; (5) "all defendants ... have psychologically abused me with electronic surveillance"; *id.* at ¶ 74; (6) from January 07 untill [sic] March 13, 08 I was psychologically and sexually harassed and tormented with electronic surveillance that's in my cell, by the main control center and the named defendants ... they tell each other what Im [sic] writing and when its [sic] about them they use it to tease one another" *id.* at ¶ 79; (7) "From January 07 untill [sic] March 12, 2008, the defendants ... have denied me mental health treatment and interfered with my mental health treatment by not seeing me or by telling me Im [sic] delusional...," *id.* at ¶ 82; and (8) "From 2/11/08 C/O Douglas Pierce Sousa Renshaw and Defendants ... worked together to stop me from getting my law work from the storge [sic] facility and to deny me copys [sic] I needed to oppose a recommendation to dismiss a civil claim pertaining to prison conditions...," *id.* at ¶ 93.

any relevant matters that are susceptible to judicial notice to determine whether a claim is stated. *See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 4 (1st Cir. 2005). Plaintiff's affidavits are not part of the Complaint, despite Plaintiff's contention, based on *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986), that they should be considered amendments to the Complaint. Plaintiff's reliance on *Washington* is misplaced. In *Washington*, the Second Circuit deemed an affidavit (entitled "First Amendment") that a *pro se* plaintiff had filed subsequent to filing his complaint to be an amendment to the complaint. *Id.* The Second Circuit stated that the district court should have considered such affidavit as part of the complaint when ruling on defendants' motion to dismiss. *Id.* However, in that case the plaintiff filed the affidavit before defendants filed a responsive pleading and, thus, the plaintiff could amend the complaint without leave of court. *Id.* Here, the affidavits to which Plaintiff refers were filed after defendants answered the Complaint. According to Federal Rule 15, leave of court, which Plaintiff did not obtain, was required for Plaintiff to file the affidavits as amendments to the Complaint. *See* Fed.R.Civ.P. 15. Additionally, the affidavits to which Plaintiff points are extremely long (84 and 30 handwritten pages, respectively), rambling, and confusing, and clearly violate the Federal Rule 8(a) requirement that a complaint contain a short and plain statement of the claim. Thus, Plaintiff's affidavits do not support his opposition to the Moving Defendants' Motions to Dismiss.

As the Complaint (with the exception described in Footnote 2) does not contain any specific allegations against the Moving Defendants, it clearly fails to state claims upon which relief may be granted against such defendants. *See Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."); *Bartolomeo v. Liburdi,* No. 97-0624, 1999 WL 143097 at *3 (D.R.I. Feb. 4, 1999) (action dismissed as to defendants against whom no factual allegations directed). I therefore recommend that the Moving Defendants' Motions to Dismiss be **GRANTED** and that they be dismissed as parties in this action.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
September 30, 2010