# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**NORMAN LAURENCE, JR.**

v.   C.A. NO. 08-109 ML

**A.T. WALL, ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr. ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") in the instant action under 42 U.S.C. §§ 1983 & 1985 ("§1983" & "§1985", respectively) (Docket # 1). Plaintiff alleges that 65 defendants (ACI wardens, supervisors, correctional officers, and legal and medical personnel as well as state police officers and prosecutors) violated his civil rights.

Presently before the Court are three Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by Plaintiff (Dockets ## 199, 208 & 209). Defendants objected to the motions (Dockets ## 211, 213, 216 & 217). These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that Plaintiff's instant motions be DENIED.

## BACKGROUND

In the Complaint, Plaintiff alleges that various defendants use concealed electronic surveillance devices to secretly watch him perform bodily functions and engage in legal work and then taunt and harass him with the information they obtain. Plaintiff further alleges that various defendants have (i) impeded Plaintiff's access to the courts by denying him legal materials and copies, spying on his legal work, and interfering with his legal mail; (ii) passed around a psychological evaluation of Plaintiff and harassed Plaintiff with the contents thereof; and (iii) prevented Plaintiff from receiving adequate mental health care. In addition, Plaintiff alleges that, (1) on January 31, 2007, defendant correctional officers Galligan and Duarte placed Plaintiff in plastic handcuffs for nearly an hour and forced him to carry his mattress through a metal detector, causing him pain; (2) defendant Duarte booked Plaintiff for an unnamed offense on February 1, 2007 while defendant Galligan sentenced him to 30 days in segregation for the offense; and (3) on April 12, 2007, defendant correctional officers Dennett, Worden, and Begones booked Plaintiff on a false charge of placing an unapproved telephone call.

1

In his first Summary Judgment Motion, Plaintiff seeks judgment in his favor against defendant correctional officers Sousa, Douglas, and Pierce on his claims that they violated his First and Fourteenth Amendment rights to access the courts.

In his second Summary Judgment Motion, Plaintiff seeks judgment in his favor against defdants Worden, Dennett, and Begones on his claims that they violated his rights by having him booked and sent to segregation based on false charges, using concealed electronic surveillance devises to watch him, harassing him, and/or giving letters Plaintiff addressed to the Rhode Island State Police to Rhode Island Department of Corrections A.T. Wall.

In his third Summary Judgment Motion, Plaintiff seeks judgment in his favor against defendants Galligan and Duarte on his claims that they violated his rights by locking him in restraints, requiring him to carry his mattress, and booking him/finding him guilty for threatening defendant Duarte on February 2, 2007. Plaintiff also seeks judgment in his favor against numerous defendants for violating his rights to privacy and bodily integrity as well as inflicting cruel and unusual punishment on him by watching him with electronic surveillance devises and harassing him with the information they obtained.

## DISCUSSION

### I.  Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (citation omitted). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50, 106 S.Ct. 2505 (1986)). In considering a motion for summary judgment, the Court reviews all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the moving party is required to aver "an absence of evidence to support the nonmoving party's case." *Garside*, 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S.

2

317, 325, 106 S.Ct. 2548 (1986)). After such a showing has been made, the burden shifts to the nonmovant to demonstrate, by presenting specific facts, that a trialworthy issue remains. *Cadle Co.*, 116 F.3d at 960. The nonmoving party "'may not rest upon mere allegation ... but must set forth specific facts showing that there is a genuine issue for trial.'" *Braga v. Hodgson*, 605 F.3d 58, 60 (1st Cir. 2010) (quoting *Anderson*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986)).

**II.     Lack of Undisputed Material Facts Indicating Plaintiff Entitled to Judgment**

Plaintiff's Summary Judgment Motions are not persuasive. First, Plaintiff failed to submit Statements of Undisputed Facts in connection with his Summary Judgment Motions, as required by Local Rule of Civil Procedure 56(a). LR Cv 56(a).

Second, even reviewing the content of Plaintiff's Summary Judgment Motions, Plaintiff has failed to point to any evidence of undisputed material facts indicating that he is entitled to judgment as a matter of law on his claims. He references numerous affidavits of his own testimony that he has submitted to the Court as well as answers to interrogatories by various defendants; however, the affidavits are replete with hearsay and neither the affidavits nor the interrogatory responses support any viable legal claims Plaintiff may have asserted in his Summary Judgment Motions. Further, the affidavits that various defendants filed in support of their own motion for summary judgment (Docket # 205) provide evidence disputing many of the allegations in Plaintiff's Summary Judgment Motions.

Accordingly, Plaintiff's motions should be DENIED. I so recommend.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's Summary Judgment Motions be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
January 11, 2011