UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.

v.                                                          C.A. NO. 08-109 ML

A.T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr., *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") under 42 U.S.C. §§ 1983 & 1985 ("§1983" & "§1985", respectively) (Docket # 1). Plaintiff alleges that 65 defendants (ACI wardens, supervisors, correctional officers, and legal and medical personnel as well as state police officers and prosecutors) ("Defendants") violated his civil rights.

Presently before the Court is a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") filed by 22 Defendants: William Begones; Gary Bouley; C.O. Brouillette; Brian Dauray; C.O. Dennett; C.O Douglas; C.O. Duarte; Lieutenant Galligan; C.O. Gannon; C.O. Henry; C.O. Klaus; C.O. Leduc; C.O. Mariorenzi; C.O. Pierce; C.O. Ron Renshaw; C.O. Jorge Rodriguez; Eddy Sousa; Scott Tirocchi; C.O. Violonte; A.T. Wall II; C.O. Wotjanowski; and C.O. Worden (together, the "22 Defendants") (Docket # 205). Plaintiff filed an objection to the motion ("Objection" or "Obj.") (Docket # 218). This matters has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons set forth below, I recommend that the 22 Defendants' instant motion be GRANTED.

## BACKGROUND

In the Complaint and various affidavits Plaintiff submitted to the Court, Plaintiff alleges that Defendants have subjected him to electronic surveillance via cameras and thermal imaging devices concealed in the light fixtures in his cells as well as listening devices in the library, dining area, and yard. Plaintiff claims that Defendants use the surveillance devices to watch him perform bodily functions, engage in legal work, and meet with mental health providers and then harass him with the information they obtain. Plaintiff further alleges that various Defendants have (i) impeded his access to the courts by denying him legal materials and copies, spying on

1

his legal work, and interfering with his legal mail; (ii) passed around a report and/or audio tapes of a psychological evaluation of Plaintiff and harassed him with the contents thereof; and (iii) prevented him from receiving adequate mental health care. In addition, Plaintiff alleges that, on January 31, 2007, defendant correctional officers Duarte and Clause (actually Klaus), on orders from Lieutenant Galagan (actually Galligan), placed Plaintiff in plastic handcuffs for nearly an hour and required him to carry his mattress through a metal detector while cuffed. He also alleges that defendant correctional officers Dennett, Worden, and Begones conspired to book Plaintiff and find him guilty on a false charge of placing an unapproved telephone call. Finally, Plaintiff alleges that all Defendants conspired to deny Plaintiff access to courts (by responding under oath in previous lawsuits that the surveillance devices and the psychiatric evaluation did not exist and by threatening to expose tapes of Plaintiff if Plaintiff pursued his legal action).

Plaintiff asserts seven causes of action for violations under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Cmpt., ¶¶ 97 - 103. He seeks compensatory and punitive damages. Cmpt., ¶¶ 104-106.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (citation omitted). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50, 106 S.Ct. 2505 (1986)). In considering a motion for summary judgment, the Court reviews all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party, *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997); however, the Court does not consider "conclusory allegations, improbable inferences, and unsupported speculation," *Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 26 (1st Cir. 2006)(citation omitted).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the moving party is required to aver "an absence of evidence to support the

2

nonmoving party's case." *Garside*, 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)). After such a showing has been made, the burden shifts to the nonmovant to demonstrate that a trialworthy issue remains. *Cadle Co.*, 116 F.3d at 960. The nonmoving party "'may not rest upon mere allegation ... but must set forth specific facts showing that there is a genuine issue for trial.'" *Braga v. Hodgson*, 605 F.3d 58, 60 (1st Cir. 2010) (quoting *Anderson*, 477 U.S. at 250). To avoid summary judgment, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. *See Anderson*, 477 U.S. at 248.

## II. Claims Under § 1983

To state a claim under § 1983, the complaint must set forth allegations indicating that the conduct complained of (i) was committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, Plaintiff has failed to point to any discovery or disclosure materials on file or any affidavits indicating that any of the 22 Defendants deprived him of any constitutional right.

### A. Preliminary Issue: Electronic Surveillance

Central to the Complaint are Plaintiff's allegations that Defendants are secretly observing him with a variety of electronic surveillance devices, including cameras hidden in the light fixtures in all of the cells in which he has been housed at the ACI; listening devices in the library, dining hall, and yard; and thermal imaging devices in his cells that allow Defendants to see him through a blanket and detect what he is writing. The 22 Defendants urge that such allegations are not based in fact and, as support, point to affidavits and answers to interrogatories of 20 Defendants filed in conjunction with the instant summary judgment motion. Specifically, in their affidavits and interrogatory answers, the Defendants state that there are no cameras or other electronic surveillance in Plaintiff's cells and that they have not used electronic surveillance or video tapes against Plaintiff. Statement of Undisputed Facts ("SUF"), Exhs. B & C (Docket # 206). Additionally, Plaintiff himself submitted to the Court, as exhibits to various filings, interrogatory answers by numerous other Defendants stating that they did not watch Plaintiff with hidden cameras. *See, e.g.*, Exhibits to Plaintiff's Objection to Defendants' Motion to Dismiss (Dockets ## 23 & 24); Exhibits to Plaintiff's Objection to Report and Recommendation (Docket # 174); Exhibits to Plaintiff's Objection to Defendants' Motion to Dismiss (Docket # 177).

3

In response, Plaintiff does not provide any direct evidence of hidden surveillance at the ACI (such as pictures of the devices or statements from anyone, including himself, who has seen the alleged devices) or any indirect evidence from witnesses other than himself. Instead, Plaintiff relies almost exclusively on a myriad of his own rambling affidavits describing incidences since July 2003 in which he heard Defendants and other ACI employees (i) stating that they were watching him with hidden cameras or (ii) talking about things Plaintiff had done or written in his cell (which, Plaintiff implies, they could only have known if they were secretly watching him). *See, e.g.,* Plaintiff's Affidavit filed April 27, 2009 (Dockets ## 91-93); Plaintiff's Affidavit filed Oct. 21, 2009 (labeled by Plaintiff as Exh. 552) (Docket # 169); Plaintiff's Affidavits filed Mar. 2, 2010 (labeled by Plaintiff as Exhs. 685-692) (Dockets ## 200 & 201); Plaintiff's Affidavit filed Apr 1, 2010 (labeled by Plaintiff as Exh. 696) (Docket # 219).

Although the Court must review all evidence and draw all reasonable inferences in favor of Plaintiff, the inferences Plaintiff seeks to rely on here are based on inadmissible hearsay and/or are patently unreasonable. As I previously stated in recommending the dismissal of a related case filed by Plaintiff in this Court, "[P]laintiff's bizarre claims here fall within the class of factual contentions that are irrational, delusional, or wholly incredible." *Laurence v. Wall*, No. 09-427, 2009 WL 4780910, *3 (D.R.I. Dec. 10, 2009)(adopting Report and Recommendation); *see also Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728 (1992) (recognizing that a court need not accept as true in the motion to dismiss setting a plaintiff's factual allegations that describe "fantastic or delusional scenarios"); *Weaver v. CCI Director*, No. 06 1343, 2006 WL 3834401, at *1 (E.D.Cal. Dec. 26, 2006)(citing a related case that dismissed as frivolous plaintiff's claims that he was being threatened, harassed, and watched from cameras hidden in the ventilation system in his cell).

Further, Plaintiff admits (and submitted medical records indicating) that he has been diagnosed as mentally ill since August 1996. *See* Exhibits to Plaintiff's Objection to Report and Recommendation filed Nov. 6, 2009 (Medical Records from Butler Hospital, Rhode Island Hospital, and Mental Health Services of Cranston, Johnston and Northwestern RI, Inc. (labeled by Plaintiff as Exh. 660))(Docket # 174); Exhibits to Plaintiff's Opposition to Defendant Dr. Friedman's Motion for Summary Judgment (Medical Records from Rhode Island Department of Corrections (labeled by Plaintiff as Exh. 683)("ACI Medical Records"))(Docket #198). Plaintiff's irrational claims that he is constantly being watched and talked about, presented in hundreds of pages of rambling affidavits, are consistent with his diagnosis.

4

Additionally, Plaintiff's one attempt to rely on evidence other than his own observations to corroborate his claim regarding the existence of secret surveillance fails. Specifically, Plaintiff points to an interrogatory answer of Defendant Dauray stating that the main control center had the means to record high security activity. *See* Obj., pp. 15-16 (citing SUF, Exh. C, Dauray Interrogatories, p. 22 (question # 16)). However, Mr. Dauray (i) revised his answers to state that the main control center does not have the means to record high security activity, *see* SUF, Exh. C, Dauray Interrogatories, p. 26 (question # 16), (ii) explains, in both his initial and revised answers, that there are cameras only in certain designated areas of high security (including certain hospital observation cells and the visiting area), but not in the cells where Plaintiff was housed, *see* SUF, Exh. C, Dauray Interrogatories, pp. 22 (question # 16) & 26 (question # 16), and (iii) repeatedly states that he has not observed or taped Plaintiff with electronic surveillance, *see* SUF, Exh. C, Dauray Interrogatories, pp. 19 (questions ## 6 & 7), 20 (questions ## 11-13), 23 (question # 20) & 27 (question # 20). Accordingly, contrary to Plaintiff's suggestion, Mr. Dauray's interrogatory answers do not support Plaintiff's allegations that there are hidden cameras in his cell.

Accordingly, Plaintiff has failed to demonstrate a trialworthy issue regarding the existence of secret electronic surveillance at the ACI.

### B. Count One: Defamation in Violation of the First and Fourteenth Amendments

In Count One, Plaintiff claims that various Defendants defamed him in violation of the First and Fourteenth Amendments by stating, *inter alia*, that he was masturbating in his cell, in the shower, or to pictures of "kiddy porn." Cmpt., ¶¶ 80, 84 & 89. However, to state a claim for defamation under § 1983, a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation. *See Paul v. Davis*, 424 U.S. 693, 701-710, 96 S.Ct. 1155 (1976)(damage to reputation is not actionable under § 1983 unless it is accompanied by "some more tangible interests."); *Borucki v. Ryan*, 827 F.2d 836, 842-43 (1st Cir. 1987)(same). Plaintiff has failed to point to evidence, or even allege, that he lost a recognizable property or liberty interest as a result of Defendants' statements. Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count One. I therefore recommend that Defendants' Motion for Summary Judgment be granted with respect to Count One, and that such claims be dismissed against the 22 Defendants.

### C. Count Two: Violation of First Amendment Right to Freedom of Speech

In Count Two, Plaintiff urges that Defendants violated his right to free speech. Specifically, Plaintiff implies that by secretly observing him while he was writing in his cell and then laughing at him about the contents, Defendants were chilling his right to write. However, as discussed above, Plaintiff has failed to raise a genuine issue suggesting that Defendants were secretly observing him in his cell. Additionally, he provides no legal support for his claim that observation of his writings in his cell would violate his First Amendment right to freedom of speech. Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count Two. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Two and that such claims be dismissed against the 22 Defendants.

### D. Count Three: First and Fourteenth Amendment Access to Courts Violation

In Count Three, Plaintiff urges that various Defendants violated his right of access to the courts by (i) denying under oath that they are watching him with electronic surveillance and circulating his psychiatric report, in order to conceal such information from the courts, Cmpt., ¶¶ 71 & 73; (ii) tampering with his outgoing legal mail, Cmpt., ¶¶ 73 & 81; (iii) denying him writing supplies and legal copies, Cmpt., ¶¶ 81, 83, 92 & 93; and (iv) mixing up thousands of pages of his legal papers, thus requiring him to reorganize them, Cmpt., ¶¶ 93 & 95. Plaintiff repeats many of these allegations in affidavits of his own testimony he has filed with the Court. *See, e.g.*, Plaintiff's Affidavit filed April 27, 2009 (Dockets ## 91-93); Plaintiff's Affidavits filed Mar. 2, 2010 (labeled by Plaintiff as Exh. 685, 690 & 691) (Dockets ## 200 & 201). However, to recover for a violation of his right to access the courts, Plaintiff must demonstrate that he suffered an actual injury, such as having a "nonfrivolous legal claim ... frustrated or ... impeded," as a result of the alleged misconduct. *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996). Here, Plaintiff fails to point to any discovery, disclosure or affidavits demonstrating that action by any Defendant negatively impacted any viable legal claim Plaintiff was pursuing. Although Plaintiff suggests that Defendant Sousa's delay in providing Plaintiff certain legal mail and copies of legal work led to the dismissal of his case C.A. No. 07-081 ML before this Court, *see* Plaintiff's Affidavit filed Mar. 2, 2010 (labeled by Plaintiff as Exh. 685) (Docket # 201), as such case has not been dismissed, Plaintiff's conclusion is obviously invalid. Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count Three. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Three and that such claims be dismissed against the 22 Defendants.

### E. Count Four: Violation of Fourth, Eighth, and Fourteenth Amendment Rights to Privacy and Bodily Integrity

In Count Four, Plaintiff asserts that Defendants violated his rights "not to have unwanted things done to [his] body[] by subjecting [him] to 24 [hour] electronic video surveillance, video taping [him, and using] the tapes to humiliate, degrade [and] demean [him] ...." Cmpt., ¶ 100. However, as discussed above, in response to Defendants' answers to interrogatories and affidavits stating that they did not use electronic surveillance to secretly observe Plaintiff or harass him, Plaintiff points only to wholly irrational allegations in his Complaint and affidavits. Thus, Plaintiff here has not demonstrated that a trialworthy issue remains with respect to the claims in Count Four. Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count Four. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Four and that such claims be dismissed against the 22 Defendants.

### F. Count Five: Harassment in Violation of the Eighth Amendment

In Count Five, Plaintiff claims that Defendants violated his Eighth Amendment rights by telling him that there were no cameras in his cells or tapes of his psychological evaluation and tormenting him with what they claim to have seen him doing in various cells. Again, as discussed above, Plaintiff's allegations that he is being secretly observed via electronic surveillance are wholly irrational and insufficient to raise a trialworthy issue. Additionally, verbal harassment generally does not rise to the level of an Eighth Amendment violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004); *Knowles v. Maine*, No. 9-282, 2009 WL 3517589, at *4 (D.Me. Oct. 29, 2009)(recommended decision); *Shabazz v. Cole*, 69 F.Supp.2d 177, 199-200 (D.Mass. 1999). Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count Five. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Five and that such claims be dismissed against the 22 Defendants.

### G. Count Six: Violation of Eighth Amendment Right to Mental Health Care

In the Sixth Count, Plaintiff claims that Defendants denied him mental health treatment and/or secretly listened to his sessions with mental health staff in violation of the Eighth Amendment. The Eighth Amendment guarantees that prisoners are not subjected to cruel and unusual punishment and prohibits prison officials from deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994);

*Estelle*, 429 U.S. at 103-04. To establish a claim for constitutionally inadequate medical care, a prisoner must demonstrate that his medical needs were objectively serious, involving a substantial risk of serious harm if not properly treated, and that that the official was subjectively aware of, and consciously disregarded, the risk of serious harm. *See Farmer*, 511 U.S. at 837; *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

Here, although Plaintiff urges that Defendants have denied him mental health treatment, such claims are belied by his own allegations and affidavits as well as by the mental health treatment records he submitted to the Court as exhibits. Such evidence indicates that he had sessions with ACI mental health professionals on a regular basis. *See* ACI Medical Records. Although Plaintiff claims that Defendant Tirocchi, an ACI mental health clinician, failed to treat him for 8 months, from December 4, 2006 until August 17, 2007, Obj., p. 13, Plaintiff was treated by various other mental health professionals during the interim. *See* SUF, Exh. C, p. 139 (Tirrochi Interrogatories)(Question # 5); ACI Medical Records. And, a prisoner has no constitutional right to choose the particular doctor who treats him or any particular course of treatment. *See Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Additionally, as discussed above, Plaintiff's claims that Defendants were secretly watching and listening to his treatment sessions are irrational, and he does not point to any evidence on file suggesting that the health care treatment he received was constitutionally inadequate. *See Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991)(to succeed on an Eighth Amendment claim for inadequate medical care, prisoner must show that the treatment he received was "'so inadequate as to shock the conscience'"). Thus, Plaintiff has not indicated that any of the 22 Defendants acted with deliberate indifference to his serious mental health needs.

Accordingly, I find that the 22 Defendants are entitled to judgment as a matter of law with respect to Count Six. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Six and that such claims be dismissed against the 22 Defendants.

### H. Count Seven: Excessive Force and Fabricated Bookings in Violation of the Eighth and Fourteenth Amendments

Finally, in Count Seven, Plaintiff claims that (i) Defendants Duarte, Klaus and Galligan violated his Eighth Amendment rights by using excessive force against him and (ii) Defendants Dennett, Worden, and Begones violated his Fourteenth Amendment procedural due process rights by booking him and/or sentencing him to disciplinary segregation based on false charges.

8

### 1. Excessive Force

With respect to the excessive force claim, Plaintiff urges that, on January 31, 2007, Correctional Officers Duarte and Klaus, on the orders of Lieutenant Galligan, placed him and other prisoners in plastic handcuffs and required them to carry their mattresses through a metal detector. Cmpt., ¶ 75; Plaintiff's Affidavit filed Mar. 2, 2010 (labeled by Plaintiff as Exh. 692) (Docket # 201). Plaintiff further urges that the handcuffs were tight and left on for nearly an hour, causing pain. *Id.* The Eighth Amendment protects prisoners from "the unnecessary and wanton infliction of pain" at the hands of prison guards. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)(internal quotations omitted). In an excessive force claim, the Court must determine whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See id.* at 320-21. However, the Eighth Amendment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 10, 112 S.Ct. 995 (1992)(quoting *Whitley*, 475 U.S. at 327). Thus, "[n]ot every push or shove ... violates a prisoner's constitutional rights." *Id.* at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2$^d$ Cir. 1973)).

Here, Defendants' answers to interrogatories indicate that (i) the plastic restraints were placed on Plaintiff and other prisoners during cell searches in Plaintiff's block and (ii) High Security inmates on discipline are cuffed and required to carry their mattresses through a metal detector in the normal course of a cell search. SUF, Exh. C, pp. 60-61 (Galligan Interrogatories, Questions ## 1-6) & 161 (Wall Interrogatories, Question # 17). Thus, Defendants suggest that the restraints were used to maintain or restore discipline, not maliciously and sadistically to cause harm. Plaintiff does not offer any evidence to the contrary in response. Further, assuming the plastic restraints were on too tight, such *de minimis* force does not rise to the level of an Eighth Amendment violation.

(Additionally, Plaintiff implies in the body of the Complaint as well as in an affidavit, that the restraints were placed on him tightly in retaliation for his attempt to file a lawsuit against Duarte and others (which he sent to have copied just one day before). *See* Cmpt., ¶ 75; Plaintiff's Affidavit filed Mar. 2, 2010 (labeled by Plaintiff as Exh. 692)(Docket # 201). A prisoner may establish a retaliation claim for exercising his constitutionally protected right to file a lawsuit by showing that (i) he suffered an adverse action that would "deter a person of ordinary firmness" from exercising his right to file lawsuits and (ii) there was a causal connection

9

between the constitutionally protected conduct and the adverse action. *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006); *see also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979)(plaintiff must demonstrate that retaliatory act would not have occurred "but for" protected conduct). However, here Plaintiff does not set forth a cause of action for retaliation in any of the seven counts in the Complaint. Additionally, having plastic restraints on for an hour in the prison setting does not amount to the type of adverse action required to establish a retaliation claim. And, with respect to causation, while Defendants point to evidence suggesting that Plaintiff was placed in restraints in the normal course during a block cell search, Plaintiff does not respond with any evidence denying such reasons. Therefore, to the extent the Complaint could be read to include a claim against Defendants Duarte, Klaus, and Galligan for retaliation, I recommend that judgment be granted in favor of the Defendants on such claims and that such claims be dismissed.)

### 2. Due Process

Finally, Plaintiff urges that Defendants Dennett, Worden, and Begones violated his due process rights by fabricating bookings against him related to his use of the telephone on April 12, 2007. Cmpt., ¶¶ 78 & 103; Plaintiff's Affidavits filed Mar. 2, 2010 (labeled by Plaintiff as Exhs. 688 & 689)(Docket # 201). As a result, Plaintiff was required to serve seven days in segregation. Plaintiff's Exhibits (RIDOC Discipline Hearing Reports)(labeled by Plaintiff as Exhs. 27-29)(Docket # 24). In order to state a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Here, Plaintiff does not demonstrate such a violation. First, Plaintiff does not have a free standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *cf. Suprenant v. Rivas*, 424 F.3d 5, 13-14 (1st Cir. 2005). Second, Plaintiff does not have a liberty interest in avoiding temporary confinement in segregation here because such confinement did not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days does not trigger the protections of the Due Process Clause because it is not an atypical and significant hardship in relation to the ordinary incidents of prison life); *see also Moore v. Weeden*, No. 09-434, 2010 WL 737655, at *3-4 (D.R.I. Mar. 01, 2010) (89 days of segregation at ACI fails to implicate liberty interest).

(Additionally, although Plaintiff implies in the body of the Complaint and affidavits submitted to the Court that Defendants Dennett, Worden, and Begones booked him in retaliation for him telling his mother on the telephone that he was going to file a lawsuit against correctional officers and that certain correctional officers were cheating on their wives, such allegations fail to state a viable retaliation claim. Cmpt., ¶ 78. Not only does Plaintiff fail to include any retaliation claims in the counts in the Complaint, he also does not provide any evidence suggesting that these Defendants knew about his statements. Thus the Complaint fails to allege a causal connection between the statements and the bookings. Therefore, to the extent the Complaint could be read to include a claim against Defendants Dennett, Worden, and Begones for retaliation, I recommend that judgment be granted in favor of Defendants on such claims and that such claims be dismissed.)

### 3. Count Seven Summary

Accordingly, I find that Defendants Duarte, Klaus, Galligan, Dennett, Worden, and Begones are entitled to judgment as a matter of law with respect to Count Seven. I therefore recommend that Defendants' Motion for Summary Judgment be granted on Count Seven and that such claims be dismissed against Defendants Duarte, Klaus, Galligan, Dennett, Worden, and Begones.

## III. Claims Under § 1985

Plaintiff also asserts jurisdiction in this case under §§ 1985(2) and (3), regarding conspiracies to interfere with civil rights. Section 1985(2) creates a private right of action for damages based on conspiracies to interfere with judicial proceedings while § 1985(3) confers a private cause of action for injuries occasioned by conspiracies to deprive any person or class of persons of the equal protection of the laws. 42 U.S.C. §§ 1985(2) & (3).

Here, the Complaint alleges that, in prior litigation filed by Plaintiff against them, all Defendants conspired to deny under oath the existence of surveillance devices and the psychiatric evaluation in order to conceal their abuse of Plaintiff with such items. Cmpt. at p. 2, ¶ 71 & ¶ 73. However, Plaintiff has not alleged or submitted evidence showing that any of the 22 Defendants: (i) deterred a party or witness from attending or testifying in federal court; (ii) injured the person or property of a party or witness attending or testifying at a federal judicial proceeding; (iii) influenced a verdict of a juror in a federal proceeding; or (iv) injured the person or property of a juror as a result of the verdict in the federal proceeding, as is necessary to succeed on a claim under the first clause of § 1985(2). 42 U.S.C. §§ 1985(2). Similarly,

Plaintiff has neither submitted evidence nor alleged that any of the 22 Defendants conspired against Plaintiff because of his membership in an invidiously-defined class of persons, as required to succeed on claims under both the second clause of § 1985(2) and under § 1985(3). *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971)(regarding § 1985(3)); *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975)(regarding § 1985(2)).

Accordingly, there is no genuine issue as to any material fact regarding Plaintiff's § 1985 claims and the 22 Defendants are entitled to judgment as a matter of law with respect to such claims. I therefore recommend that Defendants' Motion for Summary Judgment be granted with respect to any § 1985 claims asserted in the Complaint and that such claims be dismissed against the 22 Defendants.

## CONCLUSION

In summary, I find that the 22 Defendants have shown that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law with respect to the claims asserted against them in the Complaint under both § 1983 and § 1985. Accordingly, I recommend that the Defendants' Motion for Summary Judgment be GRANTED and the 22 Defendants be DISMISSED as defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
February 8, 2011