# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.

v.                                                          C.A. NO. 08-109 ML

A.T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Norman Laurence, Jr., *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint" or "Cmpt.") under 42 U.S.C. §§ 1983 & 1985 ("§1983" & "§1985", respectively) (Docket # 1). Plaintiff alleges that 65 defendants (ACI wardens, supervisors, correctional officers, and legal and medical personnel as well as state police officers and prosecutors) ("Defendants") violated his civil rights. Thirty-three Defendants have been dismissed previously, and, simultaneously herewith, I have recommended the dismissal of an additional twenty-two Defendants. With respect to the ten remaining Defendants (Nurse Cheryl Bailey; C/O Bulockwa; Lieutenant Carol Getter; C/O Greggory; C/O Johanson; Commander Steven Pare; John Doe Renshaw; C/O Michael Reynolds; Dr. Roberts; and Ex-Warden Walter Whitman), I have screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)("§ 1915(e)(2)") and 28 U.S.C. § 1915A ("§ 1915A"). Having found that the Complaint fails to state claims upon which relief may be granted against any of the remaining Defendants, I have prepared this Report and Recommendation recommending that the claims against such Defendants be dismissed.

## BACKGROUND

In the Complaint and various affidavits Plaintiff submitted to the Court, Plaintiff alleges that Defendants have subjected him to electronic surveillance via cameras and thermal imaging devices concealed in the light fixtures in his cells as well as listening devices in the library, dining area, and yard. Plaintiff claims that Defendants use the surveillance devices to watch him perform bodily functions, engage in legal work, and meet with mental health providers and then harass him with the information they obtain. Plaintiff further alleges that various Defendants have (i) impeded his access to the courts by denying him legal materials and copies, spying on his legal work, and interfering with his legal mail; (ii) passed around a report and/or audio tapes

1

of a psychological evaluation of Plaintiff and harassed him with the contents thereof; and (iii) prevented him from receiving adequate mental health care.

Plaintiff asserts seven causes of action for violations under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Cmpt., ¶¶ 97 - 103. He seeks compensatory and punitive damages. Cmpt., ¶¶ 104-106.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis* and complaints filed by prisoners against governmental entities, officers or employees, § 1915(e)(2) and § 1915A, respectively, instruct the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2) & § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989). Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728 (1992)("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations" when such factual allegations describe "fantastic or delusional scenarios").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion. In making this determination, the Court must generally accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions or . *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim on which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (requiring claims be plausible, not just possible); Fed.R.Civ.P. 8(a)(2).

### I. Legal Standards Under § 1983 and § 1985

First, in order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a

2

constitutional right or a federal statutory right. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Second, to succeed on a case under the relevant sections of § 1985 (*i.e.,* the second clause of § 1985(2) and § 1985(3)), a plaintiff must demonstrate that defendants conspired against plaintiff because of his membership in an invidiously-defined class of persons. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790 (1971)(regarding § 1985(3)); *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir. 1975)(regarding § 1985(2)).

Here, as discussed below, the claims in the Complaint fail to allege that any of the remaining ten Defendants deprived Plaintiff of a constitutional or federal statutory right. Additionally, the Complaint does not allege any conspiracy against Plaintiff based on his membership in an invidiously-defined class.

### III. Failure to Assert Allegations Against Six Defendants

The Complaint does not include specific factual allegations of wrongdoing against six of the ten remaining Defendants. First, other than naming Correctional Officer ("C/O") Bulockwa, C/O Greggory, Jon Doe Renshaw, Michael Reynolds, Dr. Roberts, and Ex-Warden Walter Whitman (together, the "Six Defendants") as parties, the Complaint contains no references to, or assertions against, any of the Six Defendants by name. Second, the allegations in the Complaint against "defendants" as a group are insufficient to state claims against the Six Defendants, especially given that the Complaint names 65 defendants, including administrators, correctional and police officers, medical and legal staff, and prosecutors. *See Conley v. Gibson,* 355 U.S. 41, 47 (1957)(pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2nd Cir. 1988)(pleading must allege facts sufficient to allow defendants to prepare a defense against such claims); *see also* Fed.R.Civ.P. 8(a) (requiring complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief.")

As the Complaint does not set forth any specific allegations against the Six Defendants, it clearly fails to state claims upon which relief may be granted against such Defendants. *See Educadores Puertorriqueños En Acción v. Hernández,* 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."); *Bartolomeo v. Liburdi,* No. 97-0624, 1999 WL 143097 at *3 (D.R.I. Feb. 4, 1999) (action dismissed as to defendants against whom no factual allegations directed). I therefore recommend that the Six Defendants be dismissed as parties in this action.

3

## IV. Failure to State Viable Claims Against Remaining Four Defendants

Additionally, although the Complaint includes specific assertions against each of the remaining four Defendants, as detailed below, none of the allegations state claims on which relief may be granted.

First, the only allegations in the Complaint against Nurse Cheryl Bailey are that she, and others, used the High Security Center and D Module as the "IMH" (presumably the Inmate Mental Hospital); laughed at and video taped Plaintiff every day; and watched Plaintiff on a split screen video monitor. Cmpt., at ¶ 72. However, as discussed in the Report and Recommendation issued simultaneously herewith, Plaintiff's allegations that Defendants were secretly video taping him with electronic surveillance hidden in his cell and other areas at the ACI are the type of "irrational, delusional, or wholly incredible" allegation that the Court need not accept as true. *See Denton*, 504 U.S. at 33. Accordingly, the allegations against Defendant Nurse Cheryl Bailey fail to state claims on which relief may be granted. I therefore recommend that she be dismissed as a defendant in this action.

Second, with respect to Defendant Commander Steve Pare, in addition to alleging that he, like Nurse Cheryl Bailey, used the High Security Center and D Module as the IMH and watched, video taped, and laughed at Plaintiff, Cmpt., at ¶ 72, the Complaint alleges that the state police (of which Mr. Pare was a member) interfered with Plaintiff's outgoing mail to the courts, Cmpt., at ¶ 81. However, the Complaint does not provide any specifics about such interference nor state that such interference negatively impacted any viable legal claim of Plaintiff's. *See Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996)(to recover for a violation of the right to access the courts, a plaintiff must demonstrate that he suffered an actual injury, such as having a "nonfrivolous legal claim ... frustrated or ... impeded," as a result of the alleged misconduct). Accordingly, the allegations against Defendant Commander Steve Pare fail to state claims on which relief may be granted, and I therefore recommend that he be dismissed as a defendant in this action.

Third, the only allegations in the Complaint against Defendant Lieutenant Carol Getter are that, from January 2007 until March 12, 2008, she, and others, stopped Plaintiff from obtaining writing supplies from the store. Cmpt., at ¶ 81. Plaintiff urges that such action forced him to use extra copies of transcripts as paper, and that Defendants photographed and somehow used such papers against Plaintiff to prejudice him and deny him access to the courts. *Id.* However, the Complaint does not explain, and I cannot determine, how having extra copies of

4

unspecified transcripts photographed denied Plaintiff access to court or interfered with a viable legal claim he was pursuing. *See Lewis*, 518 U.S. at 351-53. Accordingly, the allegations against Defendant Lieutenant Carol Getter fail to state claims on which relief may be granted, and I therefore recommend that she be dismissed as a defendant in this action.

Finally, although the Complaint alleges that Defendant C/O Johanson laughed at Plaintiff, laughing at a prisoner does not amount to cruel and unusual punishment or otherwise violate a prisoner's constitutional rights. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004). Accordingly, the allegations against Defendant C/O Johanson fail to state claims on which relief may be granted. I therefore recommend that he be dismissed as a defendant in this action.

## CONCLUSION

In summary, I find that the Complaint fails to state claims on which relief may be granted against (1) Nurse Cheryl Bailey; (2) C/O Bulockwa; (3) Lieutenant Carol Getter; (4) C/O Greggory; (5) C/O Johanson; (6) Commander Steven Pare; (7) John Doe Renshaw; (8) C/O Michael Reynolds; (9) Dr. Roberts; and (10) Ex-Warden Walter Whitman. Accordingly, I recommend that such defendants be dismissed as parties in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
February 8, 2011